

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 23, 1975

The Honorable J. B. Hunt
County Auditor
Hutchinson County
P. O. Box 850
Stinnett, Texas 79083

Opinion No. H- 590

Re: Method of processing
checks for jurors.

Dear Mr. Hunt:

You advise that the district attorney and county attorney of your judicial district and county have failed or refused to answer your request for a legal opinion made in accordance with article 334, V. T. C. S., regarding the above matter. Under such circumstances this office will accept an opinion request directly from the County Auditor. You ask:

(1) In view of the language of Art. 2122, Sec. (b), Tex. Rev. Stats., is it permissible for the District Clerk to pay jurors by check drawn of the jury fund, without securing the signature of the County Treasurer on the check, so long as the payment is made pursuant to an order of the District or Domestic Court?

(2) Must any signature other than the signature of the District Clerk appear on the check?

(3) If the County Treasurer is required to sign the check, should the Treasurer sign it before the District Clerk signs it or after the District Clerk signs it?

(4) Is there any prohibition against the Treasurer signing blank checks and delivering them to the District Clerk, to be completed and countersigned by the District Clerk after the' jurors' services are completed.

p. 2632

Article 2122, V. T. C. S. , to which you refer was last amended in 1965.  It now reads:

> (a)  Each juror in a district or county court or county court at law is entitled to receive not less than $4 nor more than $10 for each day or fraction of a day that he attends court as a juror.  The Commissioners court of each county shall determine annually, within the minimum and maximum prescribed in this subsection, the amount of per diem for jurors which shall be paid out of the jury fund of the county.  A person who responds to the process of a court, but who is excused from jury service by the court for any cause after being tested on voir dire, is entitled to receive not less than $4 nor more than $5 for each day or fraction of a day that he attends court in response to such process.

> (b) A check drawn on the jury fund by the clerk of the district court of a county may be transferred by endorsement and delivery and is receivable at par from the holder for all county taxes.

We think your questions are answered by Attorney General Opinion M-657 (1970) which, in the course of deciding that the county treasurer is the proper official authorized to make delivery of county warrants and jury checks to the payee, observed:

> Article 2122, Vernon's Civil Statutes, states that jurors' pay is to be made by a check drawn by the clerk of the district court of the county on the jury fund.

> Article 2554, Vernon's Civil Statutes, provides in part as follows:

> 'It shall be the duty of the county treasurer upon the presentation to him of any warrant, check, voucher, or order drawn by the proper

authority, if there be funds sufficient for the payment thereof on deposit in the account against which such warrant is drawn, <u>to endorse upon the face of such instrument his order to pay the same</u> to the payee named therein and to charge the same on his books to the fund upon which it is drawn. . . .' (Emphasis added)

Article 1632, Vernon's Civil Statutes, declares that:

' The county treasurer or any other officer disbursing money for the county, or receiving county claims in payment of dues of any kind, shall require the party receiving payment of, or credit for the same, his agent or attorney, <u>to receipt</u> in writing upon the face of such claim for the amount so paid or received thereon. ' (Emphasis added)

Article 1709, Vernon's Civil Statutes, provides as follows:

' The county treasurer <u>shall receive all moneys</u> belonging to the county from whatever source they may be derived, <u>and pay and apply the same</u> as required by law, in such manner as the commissioners court of his county may require and direct.' (Emphasis added).

The above statutes, by necessary implication, authorize the county treasurer to make delivery of such warrants.

We think these statutes indicate that it is the commissioners court which determines the amount of per diem for jurors to be paid out of the jury fund of the county. While a district court judge or judge or another court may certify the amount due a juror, and the clerk of the district court may draw a check upon the jury fund of the county in connection therewith, the treasurer must make his endorsement on the face thereof ordering it paid before it can be paid. In our opinion, jury checks may be drawn by the district court clerk but should be signed by the county treasurer to be eligible for payment.

Accordingly we answer your first question in the negative and your second in the affirmative.

To your third question we answer that the County Treasurer should sign the check after the District Clerk signs it. The clerk's signature on the instrument signifies to the treasurer that he has drawn it pursuant to the instructions of the judge. It is then the duty of the Treasurer to determine if there are sufficient funds to pay it, and if there are, to endorse upon it his order to pay the check.

The foregoing answer to the third question necessitates an affirmative answer to the fourth question. Until the checks have been drawn by the clerk, the treasurer has no instrument "drawn by the proper authority" upon the face of which he may place his endorsement certifying that funds are available for its payment and ordering it paid.

Your questions anticipate the presentment of such checks for payment from the county's jury fund and not merely their presentment for credit against county taxes owed by the holder thereof. This opinion is similarly restricted.

## SUMMARY

To be eligible for payment from the jury fund of the county, jury checks must be signed by the county treasurer after the proper authority has

drawn them.   The county treasurer is not
authorized to deliver to the district clerk
uncompleted jury checks already signed by
the treasurer.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg